IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60859
Conference Calendar
_____


SAM SMITH,

                                        Plaintiff-Appellant,

versus

STEVE W. PUCKETT ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:97-CV-53-S-B
- - - - - - - - - - -
August 19, 1998
Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Sam Smith, Mississippi inmate #13553, appeals the dismissal

for frivolousness of his civil rights complaint asserting the

denial of adequate medical care.

He argues that the medical record was improperly used to

counter his testimony at the Spears[**] hearing.  Our review

detects no improper use of the medical record.

Smith argues that his complaint should not have been

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[**]  Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

dismissed because his medical-care claim is viable. He asserts that he was denied necessary medical care, which violates the Eighth Amendment, because he continues to experience pain and other symptoms. He asserts that he does have a real medical condition, as proved by his prior treatment at the Veterans Administration (VA) hospital and that he has never demanded the "best" medical care, only the medical care to which he is entitled as a military veteran. We have carefully reviewed the arguments and the appellate record. We conclude that Smith's allegations do not amount to a deprivation of medical care implicating the Eighth Amendment. See Bañuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Thus, the district court did not abuse its discretion in dismissing the complaint as frivolous. See McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

All pending motions are DENIED.

AFFIRMED.